### No. 324
### OAKLEY LUMBER CO. et al v. SLONE et
Ohio Appeals, 1st Dist., Hamilton Co.

Nos. 2437, 1338. Decided July 1, 1924.

755. MECHANICS' LIENS—Will not be allowed, if not filed within 60 days from date of last material furnished.. To have such valid lien affadavit must first be filed with owner of property.

BUCHWALTER, J.

These actions were brought by the Oakley Lumber Co and C. L. Grote Sons against Joseph Slone, on appeal. Stone had contracted to erect a dwelling house for one, Lena Decker, upon her property and in the performance of that contract purchased of the Lumber Co lumber and mill work and with Grote & Sons for the tin work. Slone abandoned the job and Mrs. Decker employed a person to do work toward finishing the house.

The questions presented are whether the Lumber Co and Grote & Sons, sub-contractors, had valid mechanics' liens. The Lumber Co. claims that it made its last delivery of lumber on May 19 and filed its lien July 17, 1923. The evidence showed that the last item was delivered April 19, 1923. The Court of Appeals held in this case that where a mechanics' lien is not filed within 60 days after last item is delivered, the sub-contractor is not entitled to a lien.

The C. L. Grote Sons lien was filed within the required time, but no notice as provided under 8312 GC, was ever filed with the owner. The Court of Appeals held in this case that:

There was no evidence to show that sworn statements were ever furnished either to Slone, the contractor, or to Decker, the owner. For this reason the lien of C. L. Grote Sons cannot be allowed.

Decree accordingly.

Note—For fuller statement of this case, see OS. Pend. 2 Abs. 595.

Attorneys—Phineas S Phillips, Murphy and Joseph and Hauer, Spraul and Topmoeller, for Slone; Kelley & Remke, for Lumber Co et; all of Cincinnati.

### No. 325
### ELWOOD v. ELWOOD
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5816. Decided Dec. 15, 1924.

601. HABEAS CORPUS—Will not lie where court in granting writ takes into consideration the decree of a foreign court and decides the case upon the question of comity rather than upon the circumstances, and without looking to the good of the child.

SULLIVAN, J.

Edward and Ethel Elwood were divorced in the State of Illinois and under the ·decree, Ethel was given custody of their two children. In contravention of the decree of the Illinois court she agreed to let the husband, then living, in Illinois, have custody of the children for a year. Subsequently, the father without notice to the mother, moved to Cuyahoga County brought the children with him, and having remarried was living in Lakewood. Later on the mother appeared and secured possession of one child and initiated habeas corpus proceedings to get custody of the other, depending upon the decree of the foreign court as a basis for her action and for the right of recovery and the possession of the child. The common pleas granted the writ. Error was prosecuted from the Common Pleas and the Court of Appeals held:

1. It is a well settled proposition of law that habeas corpus proceedings will lie to secure possession of a child of tender years, and in hearing on the application for such writ, evidence is comptent to show a change in circumstances surrounding the parents as would warrant the court in decreeing contrary to the original order with respect to the custody of a child of tender years; without regard to other questions involved on the theory that the custody of a child of tender years is always the paramount question before the court having jurisdiction over its person.

2. To decide the case upon the question of comity as did the lower court, without regard to other questions involved, is clearly error, for the reason that the good of the child is the crowning question before the court. Judgment of lower court reversed and remanded.

Attorneys—R. J. Selzers for Edward Elwood; E. J. Hopple for Ethel Elwood; both of Cleveland.