GARCIA et v CARDARELLI (2 cases)

Ohio Appeals, 9th Dist, Summit Co

Nos 1537 & 1538. Decided Mar 6, 1929

Walter S Hutchison, Akron, for Garcia.
Grant, Thomas & Buckingham, Akron, for Cardarelli.

PER CURIAM

In the dependent child case, we hold that the power of the court to deprive parents of the custody of their children and assume the custody of the same on behalf of the state, is derived from the Juvenile Court act, and can be exercised only within the limits provided by such law. Unless the facts bring a case within said Juvenile law, the state cannot interfere with the right of parents to the custody of their children merely to better the moral and temporal welfare of said children.

Without discussing the facts as shown by the bill of exceptions in this case, we hold that there was no evidence that the child was a dependent child, and that the facts did not warrant the court in taking custody of said child as a ward of the state. and that therefore the judgment in the dependent child case must be reversed as contrary to law, and the proceeding in the Juvenile Court dismissed.

In cases not under the Juvenile law, which present the question of the rights of parents as against third persons, the general rule is that natural parents are entitled to the care, custody and control of their minor children; but they may, by agreement or conduct, deprive themselves of this natural right and confer it upon others. Where a person accepts the custody of a child by virtue of an agreement with the parents of the child, the contract may be such, and the care and support may be furnished for such a length of time and under such circumstances as to estop the parents from denying that they have relinquished or forfeited their natural right to the custody of the child.

In a case where it is claimed that the natural rights of the parents have been relinquished or forfeited, but such claim is not supported by substantial evidence, and the parents are proper persons to have the custody and are reasonably able to provide for the child, the court should recognize the natural right of the parents and restore the custody of the child to the parents; but where the trial court finds that the parents have relinquished or forfeited their natural right and that the best interests of the child require that its custody remain in the custody of others and refuses to order that the custody of the child be restored to the parents, a reviewing court cannot properly interfere with such findings unless the same are found to be manifestly against the weight of the evidence.

In the habeas corpus case, the trial court found that the parents of the child had relinquished or forfeited their right to its custody and that the best interests of the child required that its custody remain in the Cardarellis; we do not find that such judgment is manifestly against the weight of the evidence.

It will serve no useful purpose to set forth in detail and discuss the various facts and circumstances as shown by the record which lead us to that conclusion, but it may be said generally that the conduct of the father is such as to destroy any idea that he ever intended to or ever will provide a home for and support said child, and the mother is entirely helpless without his co-operation and support, the lack of which caused her to propose to the Cardarellis that if they took her in and cared for her during confinement and for the child thereafter, they should have the custody of the child.

In the dependent child case, the judgment of the Court of Common Pleas is reversed; and this court entering the judgment which should have been entered in that case, the proceeding in the Juvenile Court is dismissed.

In the habeas corpus case, the judgment is affirmed.

Funk, PJ, Pardee, J, and Washburn, J, concur.