[Cite as *In re K.B.B.*, 2011-Ohio-4600.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| KBB AND KRB | Case No. 2011 CA 00038 |
| MINOR CHILDREN | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2010 JCV 01144 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 12, 2011 |

APPEARANCES:

| For Appellee | For Appellant |
|---|---|
| JAMES B. PHILLIPS<br>STARK COUNTY JFS<br>300 Market Avenue North<br>Canton, Ohio 44702 | NICHOLAS J. MARINO<br>697 West Market Street<br>Suite 300<br>Akron, Ohio 44303 |

*Wise, J.*

{¶1} Appellant-Mother Nikki Rothacher appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which found her twin minor children, K.B. and K.B., to be dependent under R.C. 2151.04. The relevant procedural facts leading to this appeal are as follows.

{¶2} On October 7, 2010, Appellee Stark County Department of Job and Family Services ("SCDJFS") filed a dependency/neglect complaint, seeking temporary custody of K. B. and K.B., born in 2002. After a shelter care hearing on October 8, 2010, the court ordered the children into the emergency temporary custody of SCDJFS.

{¶3} On December 7, 2010, following an evidentiary hearing before a magistrate, the children were found to dependent under R.C. 2151.04(B) and (C). The court at that time ordered the children to remain in the temporary custody of the agency.

{¶4} On December 20, 2010 appellant filed an objection to the magistrate's decision. Following a hearing on January 24, 2011, the trial court approved and adopted the dependency finding under both R.C. sections 2151.04(B) and (C). The court made its determination despite disregarding some of the records-based testimony that it found to be hearsay.

{¶5} Appellant filed a notice of appeal on February 22, 2011. She herein raises the following sole Assignment of Error:

{¶6} "I.   THE FINDING BY THE COURT THAT THE CHILDREN WERE DEPENDANT (SIC) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND/OR BASED ON INSUFFICIENT EVIDENCE AND CONTRARY TO LAW."

I.

{¶7} In her sole Assignment of Error, Appellant-Mother contends the trial court erroneously adjudicated K.B. and K.B. as dependent children under the statute. We disagree.

{¶8} Pursuant to R.C. 2151.35(A), a trial court must find that a child is an abused, neglected, or dependent child by clear and convincing evidence. *In re Kasper Children* (June 30, 2000), Stark App.No. 1999CA00216. As a general rule, the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279, 281, 376 N.E.2d 578.

{¶9} Included in the Ohio statutory definition of a "dependent child" under R.C. 2151.04 is any child "[w]ho lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian" or "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." R.C. 2151.04(B) and (C).

{¶10} In the case sub judice, the SCDJFS investigative caseworker, Kristie Baker, testified that she had a phone conversation with appellant in October 2010

during which appellant stated that she planned to pick up her children from the bus and drive them to Carroll County. Tr. at 5. Appellant sounded incoherent to Baker during the phone conversation. The case worker testified that appellant was slurring her words and her communication "seemed to be delayed." Baker advised appellant to go directly to Quest Recovery Services to submit a urine screen. Tr. at 6. Appellant did so, and thereupon tested positive for Benzodiazepines. Id. Baker further testified appellant informed her that she was taking numerous different prescription medications and seeing three different doctors. Tr. at 6-7. The medications included Cymbalta, Zyprexa, Lyrica, Percocet, Valium, Xanax, Cyclobenzaprine, Zolpidem, Ranitidine, Promethazine, and Ibuprofen. Tr. at 7.

{¶11} Baker also recalled that she interviewed appellant in person the same day as the phone conversation and observed her to be lethargic, almost unable to carry on a conversation, and falling asleep during the interview. Tr. at 8. The case worker testified appellant admitted to her that the staff at Quest would not allow her to leave the facility alone due to her being under the influence of some substance. Tr. at 11. She also testified that in her professional opinion, appellant was not able to safely care for her children on that day. Tr. at 9.

{¶12} Appellant presently urges that the agency failed to demonstrate a "chronic" problem that affected her parenting abilities. However, even though this matter involves a relatively limited time frame, the testimony strongly indicates appellant is dealing with a host of drug management and personal judgment issues significantly impacting the environment and welfare of her two elementary school age children. In such a situation, we are inclined to invoke the adage that "[t]he law does

not require the court to experiment with the child's welfare to see if he will suffer great detriment or harm." See *In re Bishop* (1987), 36 Ohio App.3d 123, 126, 521 N.E.2d 838, quoting *In re East* (1972), 32 Ohio Misc. 65, 69, 288 N.E.2d 343, 346.

{¶13} Upon review, we are not inclined to disturb the determinations of the trial court as the fact finder in this instance, and we hold the evidence presented supports the conclusion that K.B. and K.B. are dependent children under R.C. 2151.04(B) and (C).

{¶14} Appellant's sole Assignment of Error is therefore overruled.

{¶15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

                                        JUDGES

JWW/d 0818

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:                         :
                                          :
                                          :
    KBB AND KRB                           :          JUDGMENT ENTRY
                                          :
                                          :
    MINOR CHILDREN                        :          Case No. 2011 CA 00038

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

                            JUDGES