[Cite as *In re J.V-M.P.*, 2014-Ohio-486.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

IN THE MATTER OF:           :
                            :
J.V-M.P.                    :          Case No. 13CA37
                            :
ALLEGED DELINQUENT CHILD    :
                            :          DECISION AND
                            :          JUDGMENT ENTRY
                            :
                            :          RELEASED 02/10/2014

---

APPEARANCES:

Chandra L. Ontko, Cambridge, Ohio, for Appellant.

Amy Graham, Marietta, Ohio, for Appellee.

---

Hoover, J.

{¶ 1}  This is an appeal from a Washington County Common Pleas Court, Juvenile

Division, judgment that awarded Washington County Children Services (WCCS) permanent

custody of J.V.M.P, born December 16, 2011.

{¶ 2}  Appellant, B.C., (the child's biological mother) appeals the trial court's judgment

and raises one assignment of error:

> THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST
> WEIGHT OF THE EVIDENCE IN THAT WASHINGTON COUNTY
> CHILDREN SERVICES BOARD FAILED TO SHOW BY CLEAR AND
> CONVINCING EVIDENCE THAT THE APPELLANT'S PARENTAL RIGHTS
> SHOULD BE TERMINATED.

I.  FACTS

{¶ 3}  The parties do not dispute the facts.  On March 2, 2012, the child presented to the

hospital, and medical providers subsequently discovered that the child had multiple posterior rib

fractures on both sides due to an intentional injury.  Appellant claimed that the child's car seat

tipped over the day before and that the child had fallen off a bed one week earlier.  However, a

medical expert opined that the injuries resulted from an adult "squeezing the infant while holding

the infant facing the adult" and that the injuries could not have occurred as appellant described.

{¶ 4}  The trial court quickly granted WCCS' emergency temporary custody of the child,

and the next day, WCCS filed a complaint that alleged the child to be an abused, neglected, and

dependent child.  On June 22, 2012, the court adjudicated the child an abused, neglected, and

dependent child.

{¶ 5}  On July 3, 2012, both appellant and the child's father were convicted of third-

degree felony child endangering.  The father was sentenced to two years in prison; and appellant

was sentenced to one and one-half years in prison.  The child thus remained in the temporary

custody of WCCS.

{¶ 6}  On January 23, 2013, WCCS filed a permanent custody motion.  WCCS asserted

that the child cannot or should not be returned to the parents within a reasonable time and that

permanent custody is in the child's best interests.

{¶ 7}  On July 10, 2013, WCCS filed an amended motion for permanent custody.  WCCS

asserted that the child had been in its temporary custody for twelve or more months of a

consecutive twenty-two month period, that the child cannot or should not be returned to either

parent within a reasonable time, and that permanent custody is in the child's best interests.

{¶ 8}  On August 23, 2013, the trial court awarded WCCS permanent custody of the

child.  The trial court found that when WCCS filed its amended permanent custody motion, the

child had physically been out of the parents' home for sixteen months and, pursuant to R.C. §

2151.414(B)(1)(d), had been in the  temporary custody of WCCS for fourteen months.  The court

also determined that the child was abandoned, because the parents were incarcerated and neither had seen the child for thirteen months.

{¶ 9} The court further found that WCCS established the following facts: (1) the parents had a long history of domestic violence; (2) the child's father caused the fractures because he squeezed the child to stop her crying; (3) appellant did not stop the abuse; (4) the father did not visit the child after her removal, and the mother visited the child only once; (5) both parents remained incarcerated on the date of the permanent custody hearing; (6) the child had resided in the same foster home since her removal and was doing well; (7) the foster family wanted to adopt the child; (8) returning the child to the parents was not in her best interest due to the prior abuse and neglect; (9) "[n]o acceptable relative placement options exist;" and (10) the child needed stability and a safe environment, neither of which could be achieved without granting WCCS permanent custody. The court observed that the guardian *ad litem* stated that granting WCCS permanent custody "is the only option and he believes that permanent custody would be in the best interest of the child."

## II. ANALYSIS

{¶ 10} In her sole assignment of error, appellant asserts that the trial court's decision awarding WCCS permanent custody of the child is against the manifest weight of the evidence. Appellant argues that the evidence fails to show that the child could not be returned to her within a reasonable time. She contends that the evidence shows that the child could be returned to her within a reasonable time for the following reasons: (1) she "attempt[ed] to better herself while incarcerated;" (2) she "had obtained her GED;" (3) she "sent notes and cards, and a gift card to [the child];" (4) she "was due to be released from prison" the month after the permanent custody

hearing was held; and (5) appellant's family members were "interested in trying to get custody of the child."

A

STANDARD OF REVIEW

{¶ 11}  A reviewing court generally will not disturb a trial court's permanent custody decision unless the decision is against the manifest weight of the evidence.  *See In re M.H.,* 4th Dist. Vinton No. 11CA683, 2011-Ohio-5140, ¶ 29; *In re A.S.,* 4th Dist. Athens Nos. 10CA16, 10CA17, 10CA18, 2010-Ohio-4873, ¶ 7.  *Accord In re K.M.,* 6th Dist. Lucas No. L–12–1345, 2013-Ohio-1477, ¶ 25; *In re J.H.,* 11th Dist. Lake No. 2012–L–126, 2013-Ohio-1293, ¶ 91; *In re R.G.,* 10th Dist. Franklin No. 12AP–748, 2013-Ohio-914, ¶ 5; *In re D.W.,* 8th Dist. Cuyahoga No. 98717, 2013-Ohio-272, ¶ 7.  " 'Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its effect in inducing belief." ' "  *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, quoting *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997) quoting Black's Law Dictionary 1594 (6th ed. 1990).

{¶ 12}  When an appellate court reviews whether a trial court's permanent custody decision is against the manifest weight of the evidence, the court " ' "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest

miscarriage of justice that the [judgment] must be reversed and a new trial ordered." ' " *Eastley* at ¶ 20, quoting *Tewarson v. Simon,* 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist.2001), quoting *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *Accord In re Pittman,* 9th Dist. Summit No. 20894, 2002-Ohio-2208, ¶¶ 23–24.

{¶ 13} In a permanent custody case, the ultimate question for a reviewing court is "whether the juvenile court's findings * * * were supported by clear and convincing evidence." *In re K.H.,* 119 Ohio St.3d 538, 2008-Ohio-4825, 895 N.E.2d 809, ¶ 43. "Clear and convincing evidence" is: "[T]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *In re Estate of Haynes*, 25 Ohio St.3d 101, 104, 495 N.E.2d 23 (1986). In determining whether a trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel,* 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990). *Accord In re Holcomb,* 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985), citing *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954) ("Once the clear and convincing standard has been met to the satisfaction of the [trial] court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof."). "Thus, if the children services agency presented competent and credible evidence upon which the trier of fact reasonably could have formed a firm belief that permanent custody is warranted, then the court's

decision is not against the manifest weight of the evidence." (Citations omitted.) *In re R.M.*, ---
Ohio App.3d ---, 2013-Ohio-3588, 997 N.E.2d 169, ¶ 55 (4th Dist).

{¶ 14} Once the reviewing court finishes its examination, the court may reverse the
judgment only if it appears that the fact-finder, when resolving the conflicts in evidence, "
'clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must
be reversed and a new trial ordered.' " *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541,
quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). A reviewing
court should find a trial court's permanent custody decision against the manifest weight of the
evidence only in the " 'exceptional case in which the evidence weighs heavily against the
[decision].' " *Id*., quoting *Martin,* at 175; *accord State v. Lindsey,* 87 Ohio St.3d 479, 483, 721
N.E.2d 995 (2000).

{¶ 15} Furthermore, when reviewing evidence under the manifest weight of the evidence
standard, an appellate court generally must defer to the fact-finder's credibility determinations.
As the *Eastley* court explained:

> "[I]n determining whether the judgment below is manifestly against the weight of
> the evidence, every reasonable intendment and every reasonable presumption
> must be made in favor of the judgment and the finding of facts. * * *

> If the evidence is susceptible of more than one construction, the reviewing court is
> bound to give it that interpretation which is consistent with the verdict and
> judgment, most favorable to sustaining the verdict and judgment."

*Eastley*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, at ¶ 21, quoting *Seasons Coal
Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio
Jur.3d, Appellate Review, § 60, at 191–192 (1978).

B

PERMANENT CUSTODY PRINCIPLES

{¶ 16} A parent has a "fundamental liberty interest" in the care, custody, and management of his or her child and an "essential" and "basic civil right" to raise his or her children. *Santosky v. Kramer,* 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *In re Murray,* 52 Ohio St.3d 155, 156, 556 N.E.2d 1169 (1990); *accord In re D.A.,* 113 Ohio St.3d 88, 2007-Ohio-1105, 862 N.E.2d 829. A parent's rights, however, are not absolute. *In re D.A.* at ¶ 11. Rather, " 'it is plain that the natural rights of a parent * * * are always subject to the ultimate welfare of the child, which is the polestar or controlling principle to be observed.' " *In re Cunningham,* 59 Ohio St.2d 100, 106, 391 N.E.2d 1034 (1979), quoting *In re R.J.C.,* 300 So.2d 54, 58 (Fla.App.1974). Thus, the state may terminate parental rights when a child's best interest demands such termination. *In re D.A.* at ¶ 11.

{¶ 17} Before a court may award a children services agency permanent custody of a child, R.C. § 2151.414(A)(1) requires the court to hold a hearing. The primary purpose of the hearing is to allow the court to determine whether the child's best interests would be served by permanently terminating the parental relationship and by awarding permanent custody to the agency. *See id.* Additionally, when considering whether to grant a children services agency permanent custody, a trial court should consider the underlying purposes of R.C. Chapter 2151, as set forth in R.C. § 2151.01:

> (A) To provide for the care, protection, and mental and physical development of children * * * whenever possible, in a family environment, separating the child from the child's parents only when necessary for the child's welfare or in the interests of public safety;
>
> (B) To provide judicial procedures through which Chapters 2151. and 2152. of the Revised Code are executed and enforced, and in which the parties are assured of a fair hearing, and their constitutional and other legal rights are recognized and enforced.

C

PERMANENT CUSTODY FRAMEWORK

{¶ 18} R.C. § 2151.414(B)(1) permits a trial court to grant permanent custody of a child to a children services agency if the court determines, by clear and convincing evidence, that the child's best interest would be served by the award of permanent custody and that any of the following apply:

> (a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

> (b) The child is abandoned.

> (c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

> (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

{¶ 19} Thus, before a trial court may award a children services agency permanent custody, it must find (1) that one of the circumstances described in R.C. § 2151.414(B)(1) applies, and (2) that awarding the children services agency permanent custody would further the child's best interests.

{¶ 20} In the case at bar, appellant does not challenge the trial court's best interest finding. Therefore, we do not address it. Instead, appellant argues that the evidence fails to show that the child could not or should not be returned to her within a reasonable time.

{¶ 21} Whether a child could not or should not be returned to a parent within a reasonable time is a factor under R.C. § 2151.414(B)(1)(a) and R.C. § 2151.414(B)(2). In the present case, the trial court did not enter any findings under R.C. § 2151.414(B)(1)(a) or (B)(2). Rather, the court determined that R.C. § 2151.414(D)(1)(b) and (d) applied. The court specifically found that the child is abandoned and that the child had been in WCCS's temporary custody for fourteen months when WCCS filed its July 10, 2013 amended permanent custody motion. Appellant has not challenged either one of these findings.

{¶ 22} It is well-established that under the plain language of R.C. § 2151.414(B)(1)(d), when a child has been in a children services agency's temporary custody for twelve or more months of a consecutive twenty-two-month period, a trial court need not find that the child cannot or should not be placed with either parent within a reasonable time. *E.g., In re A.M.1,* 4th Dist. Athens Nos. 10CA21 through 10CA31, 2010-Ohio-5837, ¶ 31; *In re T.F.,* 4th Dist. Pickaway No. 07CA34, 2008–Ohio–1238, ¶ 23; *In re Williams,* 10th Dist. Franklin No. 02AP–924, 2002–Ohio–7205; *In re Dyal*, 4th Dist. Hocking No. 01CA11, 2001 WL 925379 (Aug. 9, 2001). Consequently, when considering a R.C. § 2151.414(B)(1)(d) permanent custody motion, the only other consideration becomes the child's best interests. A trial court need not conduct a R.C. § 2151.414(B)(1)(a) analysis of whether the child cannot or should not be placed with either parent within a reasonable time. *In re Berkley,* 4th Dist. Pickaway Nos. 04CA12, 04CA13, 04CA14, 2004–Ohio–4797, ¶ 61. Because the trial court in the case sub judice concluded that R.C. § 2151.414(D)(1)(b) and (d) applied, the court was not required to determine that the child

could not or should not be placed with either parent within a reasonable time pursuant to R.C. §

2151.414(D)(1)(a).

{¶ 23} Appellant additionally argues that R.C. § 2151.414(B)(2) required the court to

determine that the child could not or should not be placed with either parent within a reasonable

time before awarding WCCS permanent custody. R.C. § 2151.414(B)(2) states:

> With respect to a motion made pursuant to division (D)(2) of section 2151.413 of
> the Revised Code, the court shall grant permanent custody of the child to the
> movant if the court determines in accordance with division (E) of this section that
> the child cannot be placed with one of the child's parents within a reasonable time
> or should not be placed with either parent and determines in accordance with
> division (D) of this section that permanent custody is in the child's best interest.

R.C. § 2151.413(D)(2) states

> Except as provided in division (D)(3) of this section, if a court makes a
> determination pursuant to division (A)(2) of section 2151.419 of the Revised
> Code, the public children services agency or private child placing agency required
> to develop the permanency plan for the child under division (K) of section
> 2151.417 of the Revised Code shall file a motion in the court that made the
> determination requesting permanent custody of the child.

R.C. § 2151.419(A)(2) states:

> If any of the following apply, the court shall make a determination that the agency
> is not required to make reasonable efforts to prevent the removal of the child from
> the child's home, eliminate the continued removal of the child from the child's
> home, and return the child to the child's home:
>
> (a) The parent from whom the child was removed has been convicted of or
> pleaded guilty to one of the following: * * *
>
> (iii) An offense under division (B)(2) of section 2919.22 of the Revised Code * *
> * and the child, a sibling of the child, or another child who lived in the parent's
> household at the time of the offense is the victim of the offense[.]

{¶ 24} According to the foregoing statutes, a trial court must enter a finding that the

child cannot or should not be returned to either parent within a reasonable time if the children

services agency files a permanent custody motion under R.C. § 2151.413(D)(2). R.C. §

2151.413(D)(2) requires a children services agency to file a permanent custody motion if the trial court previously found that the agency need not make reasonable efforts to prevent the child's removal from the home, eliminate the child's continued removal from the home, and return the child to the home.

{¶ 25} Here, WCCS filed its amended permanent custody motion "pursuant to R.C. § 2151.413(A) and/or (D)(2) and R.C. § 2151.414." The trial court's decision does not indicate that it considered the permanent custody motion pursuant to R.C. § 2151.413(D)(2). Instead, the court's decision indicates that it considered the motion pursuant to R.C. § 2151.413(A). Thus, the court was not required to enter a finding under R.C. § 2151.414(B)(2) that the child could not or should not be returned to either parent within a reasonable time.

{¶ 26} Simply because appellant claims she has attempted to "better herself while incarcerated" does not mean that the trial court was required to afford appellant a reasonable time to prove that she would be able to properly care for the child. As we have recognized time and again, a trial court is not required to experiment with a child's welfare in order to permit a parent to prove his or her suitability:

> " ' * * * [A] child should not have to endure the inevitable to its great detriment and harm in order to give the * * * [parent] an opportunity to prove her suitability. To anticipate the future, however, is at most, a difficult basis for a judicial determination. The child's present condition and environment is the subject for decision not the expected or anticipated behavior of unsuitability or unfitness of the * * * [parent]. * * * The law does not require the court to experiment with the child's welfare to see if he will suffer great detriment or harm.' "

*In re A.C.H.,* 4th Dist. Gallia No. 11CA2, 2011–Ohio–5595, ¶42, quoting *In re Bishop,* 36 Ohio App.3d 123, 126, 521 N.E.2d 838 (5th Dist.1987), quoting *In re East,* 32 Ohio Misc. 65, 69, 288 N.E.2d 343 (1972). Appellant expects that she will be better able to protect her child from physical abuse. However, appellant utterly failed to protect the child from physical abuse in the

past, and she spent one and one-half years in prison for endangering the child. The WCCS

caseworker testified that even if appellant were released from prison tomorrow, WCCS would

have concerns regarding her ability to properly care for the child. The caseworker stated that she

had "no reason to believe that [appellant] would protect [the child] now." The trial court was not

required to keep the child in limbo or to experiment with her welfare in order to see whether

appellant could adequately protect her. We cannot fault the trial court for deciding not to

experiment with the child's welfare in order to provide appellant an opportunity to prove her

ability to give the child proper care.

### III.  CONCLUSION

{¶ 27}  Accordingly, based upon the foregoing reasons, we overrule appellant's sole

assignment of error and affirm the trial court's judgment.

                                                                          JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to execute this judgment.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:  Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

By:_____
            Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.