[Cite as *In re S.C.*, 2012-Ohio-3432.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Sheila G. Farmer, J. |
| IN RE S.C. | : | |
| | : | Case No. 12AP040026 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County Court
of Common Pleas, Juvenile Division, Case
No. 11JN00599

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     July 17, 2012

APPEARANCES:

For Parents-Appellant:

JOHN A. GARTRELL
153 N. Broadway
New Philadelphia, OH 44663

For TCJFS-Appellee:

DAVID W. HAVERFIELD
389 – 16th St., SW
New Philadelphia, OH 44663

KAREN DUMMERMITH, GAL
349 E. High Ave.
P.O. Box 494
New Philadelphia, OH 44663

*Delaney, P.J.*

{¶1}  Parents-Appellants A.C. and R.C. appeal the March 1, 2012 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, to grant permanent custody of their child to Appellee Tuscarawas County Job and Family Services ("TCJFS").

## FACTS AND PROCEDURAL HISTORY

{¶2}  This appeal pertains to the permanent custody disposition of S.C., whose date of birth is November 28, 2011.  Appellant R.C. is the natural mother of the child and Appellant A.C. is the natural father of the child ("Parents").

{¶3}  On November 29, 2011, TCJFS filed a dependency/permanent custody complaint regarding S.C.  S.C. was placed in the temporary custody of TCJFS at that time.  The complaint alleged that eight of S.C.'s siblings had previously been ordered into the permanent custody of TCJFS.[1]  TCJFS alleged the Parents failed to alleviate the concerns that led to the finding of dependency and neglect and failed to engage in case plan services, resulting in the trial court granting permanent custody of all eight children to TCJFS.  TCJFS prepared a case plan that did not include a reunification plan for either parent with the child.

{¶4}  An adjudicatory hearing was held on the dependency complaint on January 24, 2012.  The trial court found S.C. to be a dependent child by judgment entry on January 27, 2012.  Temporary custody with TCJFS was maintained.

{¶5}  On January 30, 2012, TCJFS filed a motion to determine the need for the agency to expend reasonable efforts to reunify S.C. with the Parents.

---

[1] This Court has examined the prior permanent custody decisions in *In re Craig*, 5th Dist. No. 2007 AP 03 0017, 2007-Ohio-3726 and *In re Craig*, 5th Dist. No. 2008 AP 05 0030, 2008-Ohio-4251.

{¶6}   An evidentiary hearing was held on the permanent custody complaint on February 21, 2012.  The trial court granted permanent custody in favor of TCJFS on March 1, 2012.   The trial court additionally found therein that pursuant to R.C. 2151.419, TCJFS was not required to expend reasonable efforts to reunify S.C. with the Parents.

{¶7}   It is from this decision the Parents now appeal.

## ASSIGNMENT OF ERROR

{¶8}   The Parents raises one Assignment of Error:

{¶9}   "THE TRIAL COURT'S DECISION IN FINDING S.C. TO BE [A] DEPENDENT CHILD PURSUANT TO ORC 2151.04(D) AND THE DECISION TO TERMINATE THE APPELLANT'S PARENTAL RIGHTS AND GRANT PERMANENT CUSTODY TO TUSCARAWAS COUNTY JOB AND FAMILY SERVICES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PURSUANT TO R.C. 2151.414 AND ERRED IN DETERMINING THAT JOB AND FAMILY SERVICES WAS NOT REQUIRED TO EXPEND REASONABLE EFFORTS TOWARDS REUNIFICATION BEFORE GRANTING PERMANENT CUSTODY."

## ANALYSIS

### *DEPENDENCY FINDING*

{¶10} The Parents first challenge the underlying dependency finding, maintaining the evidence presented did not support the same.  We disagree.

{¶11} "[T]he right to raise a child is an 'essential' and 'basic' civil right."  *In re Murray,* 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990), quoting *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972).  A parent's interest in the care,

custody and management of his or her child is "fundamental." *Id.*; *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). The permanent termination of a parent's rights has been described as, " * * * the family law equivalent to the death penalty in a criminal case." *In re Smith*, 77 Ohio App.3d 1, 16, 601 N.E.2d 45 (1991). Therefore, parents "must be afforded every procedural and substantive protection the law allows." *Id.*

{¶12} An agency may request permanent custody of a child as part of its original abuse, neglect, or dependency complaint. R.C. 2151.353(A)(4). A trial court should only grant permanent custody as the initial disposition in extreme situations where reunification is not possible. *In re Croston*, 4th Dist. No. 95CA1692 (March 21, 1996); *In re Smart*, 21 Ohio App.3d 31, 35, 486 N.E.2d 147 (10th Dist. 1984).

{¶13} Proceedings involving the termination of parental rights must be bifurcated into separate adjudicatory and dispositional hearings. R.C. 2151.35, Juv.R. 29 and 34. *See also, In re Baby Girl Baxter*, 17 Ohio St.3d 229, 479 N.E.2d 257 (1985). In the adjudicatory phase, a child must be found to be abused, neglected or dependent.

{¶14} In pertinent part, R.C. 2151.04(D) defines a dependent child as any child to which both of the following apply: (1) "The child is residing in a household in which a parent, guardian, custodian or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected or dependent child;" and (2) who "[B]ecause of the circumstances surrounding the abuse, neglect or dependency of the sibling or other child and the other conditions in the household of the child, the child is

in danger of being abused or neglected by the parent, guardian, custodian, or member of the household." R.C. 2151.04(D)(1) and (2).

{¶15} "Ohio courts have held that newborn infants can be dependent before they have ever been released into their parents' custody." *In re Pieper Children*, 85 Ohio App.3d 318, 325, 619 N.E.2d 1059 (12th Dist. 1993), *See also, In re Bishop*, 36 Ohio App.3d 123, 124, 521 N.E.2d 838 (5th Dist. 1987). Essentially, a prospective finding of dependency is appropriate where a child has not been in the custody of the parents but circumstances demonstrate that to allow the parents to have custody of the child would threaten the child's health and safety. " 'A juvenile court should not be forced to experiment with the health and safety of a newborn baby where the state can show, by clear and convincing evidence, that placing the child in such an environment would be threatening to the health and safety of that child.'" *In re Pieper Children, supra*, quoting *In re Campbell*, 13 Ohio App.3d 34, 36, 468 N.E.2d 93, 96 (12th Dist. 1983).

{¶16} The trial court's dependency decision was based on a finding that TCJFS had been granted permanent custody of eight prior born children. The evidence further demonstrates that in the prior cases, the Parents failed to complete their case plan objectives, such as addressing concerns with poor hygiene, an unsafe home environment, poor parenting skills, and domestic violence. As in *In re Craig*, 5th Dist. No. 2007 AP 03 0017, 2007-Ohio-3726, the trial court could find that the nature and circumstances of the Parents' situation would place a newborn at risk. Therefore, pursuant to R.C. 2151.04, the trial court did not abuse its discretion in adjudicating the child dependent.

*MANIFEST WEIGHT*

{¶17} The Parents next contend the trial court's decision to grant permanent custody was against the manifest weight of the evidence. We disagree.

{¶18} Once reunification efforts have either been waived, unsuccessfully completed or exhausted without progress, R.C. 2151.353(A)(4) states in pertinent part that if a child has been adjudicated abused, neglected or dependent, the court may "commit the child to the permanent custody of a public children service agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable period of time or should not be placed with either parent and determines in accordance with division (D) of section 2151.414 [2151.41.4] of the Revised Code that the permanent commitment is in the best interest of the child." R.C. 2151.353(A)(4).

{¶19} With respect to the first requirement, R.C. 2151.414(E) sets forth a list of 16 possible predicate findings. One of those findings must be established prior to a judicial conclusion that a child cannot or should not be placed with the child's parent. R.C. 2151.414(E)(11) states that, in determining whether a child cannot be placed with a parent within a reasonable period of time or should not be placed with a parent, the court shall determine if the following exists: "The parent has had parental rights involuntary terminated pursuant to section or sections 2151.343 or 2151.415 of the Revised Code with respect to a sibling of the child." R.C.2151.414(E)(11).

{¶20} The statute also enumerates certain criteria for evaluating whether permanent custody with a children's services agency is in the child's best interests. R.C. 2151.414(D) requires a court to consider the following factors:

(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;

(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period ending on or after March 18, 1999;

(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; * * *

(5) Whether any of the factors in division (E)(7) to (11) of this section apply in relation to the parents and the child.

{¶21} A trial court's permanent custody finding, which is supported by clear and convincing evidence, will not be overturned as against the manifest weight of the evidence if the record contains competent credible evidence by which the court could have formed a firm belief or conviction that the essential statutory elements for a termination of parental rights have been established. *In re S et al.*, 102 Ohio App.3d 338, 344-345, 657 N.E.2d 307 (1995)*; Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d

118 (1954), paragraph three of the syllabus. Additionally, "[e]very reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶22} As stated above, the parental rights as to the Parents' eight prior children have been involuntarily terminated. The children are siblings of S.C.

{¶23} Elizabeth Bendetto, agency case manager who handled several prior cases concerning the Parents and their other children, testified as to the concerns in the prior cases that involved inadequate home conditions, mental health and stability problems of the Parents, and domestic violence in the home. (T. 5.) During the prior cases, the Parents never completed their case plans. (T. 6.) Bendetto testified that the Parents completed the Goodwill Parenting Program in 2008, not as part of a case plan, but because they were attempting to secure custody of another child. (T. 47.) A.C. also participated in court-ordered anger management counseling due to an assault conviction in the Tuscarawas County Common Pleas Court. (T. 23.)

{¶24} S.C. is placed in a foster to adopt home with the child's biological siblings. (T. 39.) Bendetto testified the foster family was in a position to meet the child's long term needs and provide the child a permanent home. *Id.*

{¶25} The guardian ad litem recommended that permanent custody be granted to TCJFS.

{¶26} The trial court's findings that the child could not be placed with the Parents within a reasonable period of time or should not be placed with the parents

and that the best interests of the child would be served by granting permanent custody to TCJFS were supported by clear and convincing evidence.

*REASONABLE EFFORTS*

{¶27} The Parents finally challenge the trial court's decision, pursuant to R.C. 2151.419, that the agency was not required to expend reasonable efforts to reunify S.C. with the Parents.

{¶28} Pursuant to R.C. 2151.419, the agency which has removed the child from the home must have made reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the home, or make it possible for the child to return home safely. *In re Hess,* 5th Dist. Nos.2007CA00262, 2007CA00261, 2008-Ohio-1920, ¶ 46.

{¶29} However, R.C. 2151.419(A)(2) states in pertinent part as follows:

If any of the following apply, the court shall make a determination that the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home:

* * *

(e) The parent from whom the child was removed has had parental rights involuntarily terminated pursuant to section 2151.353, 2151.414, or 2151.415 of the Revised Code with respect to a sibling of the child.

{¶30} The Parents nonetheless direct this Court to R.C. 2151.419(A)(3), which states: "At any hearing in which the court determines whether to return a child to the

child's home, the court may issue an order that returns the child in situations in which the conditions described in divisions (A)(2)(a) to (e) of this section are present."

{¶31} Parents further cite to the decision of the Sixth District Court of Appeals in *In re Nicholas P.*, 169 Ohio App.3d 570, 2006-Ohio- 6213, 863 N.E.2d 1102 (6th Dist.) which states that R.C. 2151.419(A)(3) "provides the trial court with the discretion to override the mandate of R.C. 2151.419(A)(2)(e)." *Id.* at ¶ 36.

{¶32} In *In re Craig*, 5th Dist. No. 2007 AP 03 0017, 2007-Ohio-3726, we referenced the *Nicholas P.* decision, although we did not expressly adopt the "override" holding therein. In *In re Craig*, 5th Dist. 2008 AP 05 0030, 2008-Ohio-4251, we reviewed the identical reasonable efforts argument under similar factual circumstances. In that case, we held the trial court properly concluded that TCJFS was not required to make reasonable efforts to prevent and eliminate the removal of S.C. from his home and to return the child to his home.

{¶33} The same facts and circumstances are present in the case sub judice. We accordingly follow the precedent set in *In re Craig*, 5th Dist. No. 2007 AP 03 0017, 2007-Ohio-3726 and *In re Craig*, 5th Dist. 2008 AP 05 0030, 2008-Ohio-4251 to find that TCJFS was not required to make reasonable efforts to prevent and eliminate the removal of S.C. from her home and to return the child to her home.

**CONCLUSION**

{¶34} For the foregoing reasons, the Parents' sole Assignment of Error is overruled.

{¶35} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By: Delaney, P.J.

Gwin, J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

PAD:kgb

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| | : |
| | : |
| | : |
| | : |
| | : JUDGMENT ENTRY |
| | : |
| | : |
| IN RE S.C. | : |
| | : |
| | : Case No. 12AP040026 |
| | : |
| | : |

:
:

For the reasons stated in our accompanying Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division is AFFIRMED. Costs assessed to Appellants.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. SHEILA G. FARMER