[Cite as *In re K.M.*, 2012-Ohio-6010.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   98545

---

# IN RE:   K.M.

# A Minor Child

# [APPEAL BY MOTHER]

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No.   AD 10913869

**BEFORE:**   Keough, J., Blackmon, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   December 20, 2012

**ATTORNEY FOR APPELLANT**

R. Brian Moriarty
R. Brian Moriarty, L.L.C.
2000 Standard Building
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Susan M. Walters
Assistant Prosecuting Attorney
C.C.D.C.F.S.
4361 Fulton Parkway
Cleveland, Ohio 44144

KATHLEEN ANN KEOUGH, J.:

{¶1} Appellant-mother ("appellant"), appeals from the judgment of the common pleas court, Juvenile Division, granting permanent custody of her minor child, K.M., to appellee, the Cuyahoga County Department of Children and Family Services ("CCDCFS").[1]  For the reasons that follow, we affirm.

{¶2} Two days after K.M.'s birth, CCDCFS requested and received an ex parte telephonic order of custody of the minor child.  In August 2010, CCDCFS filed a complaint alleging neglect and dependency and requested a disposition and pre-disposition of temporary custody of K.M.  Following a hearing, the trial court granted conditional pre-dispositional custody to appellant's aunt.  However, the following day, CCDCFS filed another motion for pre-dispositional custody and requested that custody be granted to CCDCFS.  This request was granted following an emergency custody hearing.

{¶3} In September 2010, the trial court conducted a hearing on whether K.M. should be adjudged neglected and dependent.  Although appellant's counsel was present, appellant failed to appear without explanation.  Following the hearing, K.M. was adjudicated neglected and dependent.

---

[1]The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.

{¶4} On July 6, 2011, CCDCFS filed a motion to modify temporary custody to permanent custody. Thereafter, a series of pretrials occurred, where appellant's attendance was sporadic. Finally, on May 8, 2012, the trial court held an evidentiary hearing on CCDCFS's motion for permanent custody, and on May 17, the trial court issued its written decision granting permanent custody of K.M. to CCDCFS and terminating appellant's parental rights. Appellant now appeals from this order.

{¶5} When reviewing a trial court's judgment in child custody cases, the appropriate standard of review is whether the trial court abused its discretion. *Masters v. Masters*, 69 Ohio St.3d 83, 1994-Ohio-483, 630 N.E.2d 665. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Miller v. Miller*, 37 Ohio St.3d 71, 73, 523 N.E.2d 846 (1988). An appellate court must adhere to "'every reasonable presumption in favor of the lower court's judgment and finding of facts.'" *In re Brodbeck*, 97 Ohio App.3d 652, 659, 647 N.E.2d 240 (3d Dist.1994), quoting *Gerijo, Inc. v. Fairfield*, 70 Ohio St.3d 223, 226, 1994-Ohio-432, 638 N.E.2d 533.

{¶6} Where clear and convincing proof is required at trial, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof. *In re T.S.*, 8th Dist. No. 92816, 2009-Ohio-5496, ¶ 24, citing *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990). Judgments

supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *Id.*

{¶7} "Clear and convincing evidence is more than a mere preponderance of the evidence; it is evidence sufficient to cause a trier of fact to develop a firm belief or conviction as to the facts sought to be established." *T.S.* at ¶ 24, citing *In re Estate of Haynes*, 25 Ohio St.3d 101, 104, 495 N.E.2d 23 (1986).

{¶8} R.C. 2151.414 establishes a two-part test for courts to apply when determining a motion for permanent custody to a public services agency. The statute requires the court to find, by clear and convincing evidence, that (1) granting permanent custody of the child to the agency is in the best interest of the child and (2) either the child (a) cannot be placed with either parent within a reasonable period of time or should not be placed with either parent if any one of the factors in R.C. 2151.414(E) are present; (b) is abandoned; (c) is orphaned and no relatives are able to take permanent custody of the child; or (d) has been in the temporary custody of one or more public or private children services agencies for twelve or more months of a consecutive twenty-two month period. R.C. 2151.414(B)(1).

{¶9} In this case, the trial court determined that the second prong of R.C. 2151.414(B)(1) is satisfied because K.M. (a) was abandoned and (b) could not be placed with either parent within a reasonable period of time or should not be placed with her parents. R.C. 2151.414(B)(1)(a) and (b). Appellant contends in her first and second

assignments of error that the trial court erred in making these determinations. We note, however, that the second prong of R.C. 2151.414 is satisfied if one of these factors exists — K.M. is either determined to be abandoned or that she cannot or should not be placed with either parent.

{¶10} In finding that K.M. was abandoned, the trial court stated that, "[n]either parent had contact with the child between November 3, 2011 and May 3, 2012." R.C. 2151.011(C) provides that "[A] child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days."

{¶11} Appellant argues that the trial court's finding of abandonment ignores the fact that appellant attempted to visit with K.M. in March 2012, however, was unable to due to the case worker being ill. While appellant may have attempted to visit K.M. in March 2012, appellant ignores the fact that this attempt was more than 120 after her last visit with K.M. in November 2011. Accordingly, this attempt occurred after her presumptive abandonment of the child was already complete. Moreover, and as CCDCFS points out, appellant failed to appear for scheduled visits in January and February 2012; thus, there is a question whether appellant would have appeared for the visit if one had been scheduled in March. We find that appellant's single attempt to contact the social worker to arrange a visit in March 2012 does not negate her

abandonment of K.M. The evidence presented shows that appellant did not visit K.M. between November 2011 and May 2012, which is well over the 90-day statutory presumption of abandonment.

{¶12} Appellant also argues that her lack of transportation should have been considered by the trial court. We find her arguments unpersuasive because appellant never raised the issue of lack of transportation with the social worker until May 3, 2012. When appellant attempted to cancel yet again this scheduled visit due to lack of transportation, the social worker provided the appellant with transportation so the visit could take place.

{¶13} Accordingly, even though appellant visited with K.M. in May 2012, the trial court's finding of abandonment was supported by competent and credible evidence where the evidence showed that no visitation occurred for 120 days. Accordingly, this finding of abandonment is sufficient to satisfy the second prong of R.C. 2151.414(B).

{¶14} Having determined that the trial court's decision in finding abandonment was not an abuse of discretion, we find that the second prong of R.C. 2151.414(B) is satisfied. Accordingly, appellant's second assignment of error, also challenging the second prong of R.C. 2151.414, i.e., that K.M. could not be placed with either parent within a reasonable period of time because appellant "failed continuously and repeatedly to substantially remedy the conditions" causing K.M. to be removed, is moot.[2]

_____

[2]Appellant has not raised any argument on appeal challenging the trial court's determination

**{¶15}** Accordingly, the termination of appellant's parental rights was supported by sufficient evidence and was not against the manifest weight of the evidence. Therefore, we find no abuse of discretion by the trial court granting permanent custody of K.M. to CCDCFS. Appellant's assignments of error are overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

PATRICIA ANN BLACKMON, A.J., and
SEAN C. GALLAGHER, J., CONCUR

---

that permanent custody to CCDCFS is in K.M.'s best interests.