[Cite as *In re D.W.*, 2013-Ohio-272.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98717**

## IN RE: D.W.
## A Minor Child

[Appeal By T.W., Mother]

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 10900706

**BEFORE:** Celebrezze, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 31, 2013

**ATTORNEY FOR APPELLANT**

Anita Barthol Staley
7327 Center Street
Mentor, Ohio   44060


**ATTORNEYS FOR APPELLEE, C.C.D.C.F.S.**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Michelle A. Myers
Assistant Prosecuting Attorney
4261 Fulton Parkway
Cleveland, Ohio   44144

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant-mother ("appellant"), appeals from the judgment of the common pleas court, juvenile division, granting permanent custody of her minor child, D.W., to appellee, the Cuyahoga County Department of Children and Family Services ("CCDCFS"). For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On January 26, 2010, the child, D.W. (d.o.b. 1/24/2010), was removed pursuant to an ex-parte telephonic order by CCDCFS, and a complaint for dependency and temporary custody was filed on the same day. On January 27, 2010, D.W. was committed to the emergency temporary custody of CCDCFS. On April 20, 2010, the child was found dependent, and temporary custody was granted to CCDCFS.

{¶3} On January 13, 2011, CCDCFS filed a motion to modify temporary custody to permanent custody. Following a hearing on February 14, 2012, CCDCFS's motion for permanent custody was granted by the magistrate. On March 7, 2012, the trial court issued its order adopting the magistrate's decision in full.

{¶4} Appellant now appeals the judgment of the trial court, raising two assignments of error for review.

## Law and Analysis

## I. Manifest Weight of the Evidence

{¶5} In her first assignment of error, appellant argues that "the trial court erred in granting CCDCFS's motion for permanent custody because such decision was against the manifest weight of the evidence and resulted in a manifest miscarriage of justice."

{¶6} It is well established that the right to parent one's children is a fundamental right. *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 28. Nevertheless, a government agency has broad authority to intervene when necessary for the child's welfare or in the interests of public safety. *Id.* at ¶ 28-29, citing R.C. 2151.01(A). In order to terminate parental rights and grant permanent custody to the agency, the court must apply a two-prong test. First, the court must find by clear and convincing evidence one of the factors set forth in R.C. 2151.414(B)(1)-(4). Second, the court must determine, by clear and convincing evidence, that it is in the best interest of the child to terminate parental rights. *See* R.C. 2151.414(B)(2). *Id.* at ¶ 23.

{¶7} Thus, judgments supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *In re K.M.*, 8th Dist. No. 98545, 2012-Ohio-6010, ¶ 6. "Clear and convincing evidence" is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *In re R.M.*, 8th Dist. Nos. 98065 and 98066, 2012-Ohio-4290, ¶ 12, citing *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

**{¶8}** The factors enumerated in R.C. 2151.414(B)(1) include the following:

(a) the child cannot be placed with either parent within a reasonable period of time or should not be placed with either parent; (b) the child is abandoned; (c) the child is orphaned and no relatives are able to take permanent custody of the child; or (d) the child has been in the temporary custody of one or more public or private children services agencies for 12 or more months of a consecutive 22-month period.

**{¶9}** In this case, the trial court found by clear and convincing evidence that, pursuant to R.C. 2151.414(B)(1)(a), D.W. could not be placed with either parent within a reasonable time or should not be placed with either parent.[1]   R.C. 2151.414(E) sets forth the factors a trial court is to consider in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents.   The existence of one factor alone will support a finding that the child cannot be reunified with the parents within a reasonable time.   *See In re: William S.*, 75 Ohio St.3d 95, 1996-Ohio-182, 661 N.E.2d 738.

**{¶10}** Although one factor under R.C. 2151.414(E) is sufficient to support the finding, the trial court in the instant case listed two factors.   The court found that, (1) notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the mother has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home; and (2) the mother had

---

[1] D.W.'s father is unknown.

parental rights terminated involuntary with respect to siblings of the child. *See* R.C. 2151.414(E)(1) and (11).

{¶11} We conclude the trial court's findings were supported by clear and convincing evidence. The record reflects that appellant has a significant mental health and substance abuse history, which has resulted in eight of the child's siblings being previously adjudicated abused, neglected, or dependent. Six of those children were ultimately committed to the permanent custody of CCDCFS.[2] Furthermore, CCDCFS social worker, Antoinette McSears-Parker, testified that, despite appellant's successful completion of an outpatient drug treatment program in November 2011, appellant tested positive for cocaine in December 2011 and January 2012. As a result of appellant's positive drug tests, McSears-Parker opined that appellant failed to remedy the substance abuse objective of the court-ordered case plan, and therefore, permanent custody in favor of CCDCFS was in the best interest of the child.

{¶12} In light of the testimony presented at the February 14, 2012 hearing, clear and convincing evidence supports the trial court's finding that D.W. should not or could not be placed with appellant within a reasonable time.

{¶13} With regard to the trial court's "best interest of the child" determination, appellant contends that CCDCFS failed to present sufficient evidence that granting permanent custody to CCDCFS was in D.W.'s best interest. Alternatively, appellant

---

[2] Two of the child's siblings, I.J. and C.C., were placed in the legal custody of an interested party and father, respectively.

argues that permanent custody of D.W. should have been granted in favor of his maternal grandmother. We disagree.

{¶14} R.C. 2151.414(D)(1)(a) through (e) set forth the relevant factors a court must consider in determining the best interest of the child. These factors include, but are not limited to, the following:

> (a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

> (b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

> (c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *;

> (d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

> (e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶15} This court has stated that "only one of these enumerated factors needs to be resolved in favor of the award of permanent custody." *In re Moore*, 8th Dist. No. 76942, 2000 Ohio App. LEXIS 3958, * 12 (Aug. 31, 2000), citing *In re Shaeffer Children*, 85 Ohio App.3d 683, 621 N.E.2d 426 (3d Dist.1993); *In re C.H.*, 8th Dist. Nos. 82258 and 82852, 2003-Ohio-6854.

{¶16} In the case subjudice, the trial court found, "based on the evidence presented and after considering all relevant factors, including but not limited to each of the factors

listed at R.C. 2151.414(D)(1)-(5), that an order of permanent custody is in the child's best interest." The testimony presented at the February 14, 2012 hearing indicates that D.W. was removed at birth and has since developed a bond with his foster family. Moreover, as discussed, appellant has had her parental rights involuntarily terminated with respect to eight siblings of the child, and appellant continues to lack stability with her substance abuse issues, as evidenced by her December 2011 and January 2012 positive drug tests. Collectively, these factors indicate that legally secure placement of the child could not be accomplished without a grant of permanent custody to CCDCFS. On this record, the trial court did not abuse its discretion in finding that it was in D.W.'s best interest to be placed in the permanent custody of CCDCFS.

{¶17} Furthermore, we are unable to conclude that permanent custody in favor of the child's maternal grandmother was in his best interest. The testimony presented at the hearing indicated that the child's maternal grandmother had a history of severe domestic violence in her home and a history of substance abuse, including a past addiction to crack cocaine. Additionally, McSears-Parker testified that the child's grandmother had a history of noncompliance with CCDCFS.

{¶18} Accordingly, the termination of appellant's parental rights was supported by sufficient evidence and was not against the manifest weight of the evidence. Therefore, we find no abuse of discretion by the trial court granting permanent custody of D.W. to CCDCFS. Appellant's first assignment of error is overruled.

## II. Ineffective Assistance of Counsel

{¶19} In her second assignment of error, appellant argues that she received ineffective assistance of counsel. We disagree.

{¶20} To establish ineffective assistance of counsel, an appellant must demonstrate that her lawyer's performance fell below an objective standard of reasonable performance and that she was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Brooks*, 25 Ohio St.3d 144, 495 N.E.2d 407 (1986). An appellant must show that, but for her lawyers' deficient performance, the outcome of the hearing would have been different. *Id.*

{¶21} An attorney is assumed to perform his duties ethically and competently. *State v. Lytle*, 48 Ohio St.2d 391, 396, 358 N.E.2d 623 (1976). In addition, we will not second-guess strategic decisions of trial counsel, at least insofar as they are reasonable. *Strickland*, 466 U.S. at 689; *State v. Hughbanks*, 1st Dist. No. C-980595, 1999 Ohio App. LEXIS 5789 (Dec. 3, 1999).

{¶22} The basis for this assigned error is appellant's assertion that her trial counsel rendered ineffective assistance by failing to object to social worker McSears-Parker's testimony concerning appellant's hair follicle sample that tested positive for cocaine. However, outside appellant's blanket assertion that counsel was ineffective for failing to object, appellant offers nothing to rebut the presumption that counsel's actions were the product of a sound trial strategy. As this court has recognized, trial counsel's failure to make objections is within the realm of trial tactics and is not a per se indicator of ineffective assistance of counsel. *See State v. Wright*, 8th Dist. No. 92344,

2009-Ohio-5229, ¶ 45; *State v. Patterson*, 8th Dist. No. 98127, 2012-Ohio-5511, ¶ 28, citing *State v. Ford*, 8th Dist. No. 88236, 2007-Ohio-2645.

**{¶23}** Furthermore, assuming arguendo that counsel was ineffective for failing to object to McSears-Parker's testimony concerning the unauthenticated positive drug tests, appellant is unable to demonstrate that the outcome of the case would have been different. Appellant contends that had the evidence of her drug tests been excluded, the trial court would have been unable to conclude that she "failed to remedy the conditions causing the child's removal." *See* R.C. 2151.414(E)(1). However, as indicated in the trial court's opinion, appellant's recent positive drug tests did not constitute the sole basis for the court's judgment in favor of CCDCFS.

**{¶24}** As discussed, in determining whether the child could not be placed with the parents in a reasonable time or should not be placed with the parents pursuant to R.C. 2151.414(B)(1)(a), the trial court was only required to find one of the 16 factors enumerated under R.C. 2151.414(E). *See In re: William S.*, 75 Ohio St.3d 95, 1996-Ohio-182, 661 N.E.2d 738.

**{¶25}** Here, the trial court listed two factors enumerated under R.C. 2151.414(E) in determining that the child could not or should not be placed with appellant. The record reflects that in addition to finding that appellant failed to remedy the substance abuse problems that initially caused the child to be placed outside the home, the trial court further found that appellant

> had parental rights involuntarily terminated with respect to a sibling of the child * * * and has failed to provide clear and convincing evidence to prove

that, notwithstanding the prior termination, [she] can provide a legally secure permanent placement and adequate care for the health, welfare, and safety of the child.

*See* R.C. 2151.414(E)(11).

**{¶26}** Thus, even if the trial court had not considered appellant's positive drug tests in December 2011 and January 2012, we are unable to conclude that the trial court's permanent custody analysis and conclusions would have been different based on appellant's substantial history with CCDCFS.

**{¶27}** Based on the foregoing, appellant's second assignment of error is overruled.

**{¶28}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
PATRICIA A. BLACKMON, J., CONCUR