[Cite as *In re J.N.H.*, 2013-Ohio-1803.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 99089, 99090, and 99091**

---

## IN RE: J.N.H., E.H., AND A.H.

## Minor Children

[Appeal by C.H., Mother]

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD 12904755, AD 12904756, and AD 12904757

**BEFORE:** Kilbane, J., S. Gallagher, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 2, 2013

**ATTORNEY FOR APPELLANT**

Gregory T. Stralka
6509 Brecksville Road
P.O. Box 31776
Independence, Ohio 44131

**ATTORNEYS FOR APPELLEES**

**For C.C.D.C.F.S.**

Timothy J. McGinty
Cuyahoga County Prosecutor
Rachel Eisenberg
Assistant County Prosecutor
C.C.D.C.F.S.
8111 Quincy Avenue
Cleveland, Ohio 44104

**Guardians Ad Litem**

David S. Bartos
20220 Center Ridge Road
Suite 320
Rocky River, Ohio 44116

Thomas B. Robinson
P.O. Box 690
Newbury, Ohio 44065

MARY EILEEN KILBANE, J.:

{¶1} Appellant-mother, C.H., the mother of J.N.H., E.H., and A.H., appeals from the order of the juvenile court that awarded permanent custody of these children to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). For the reasons set forth below, we affirm.

{¶2} E.H. was born on June 19, 2003. J.N.H. was born on March 28, 2004. In May 2004, appellant was convicted of child endangering in the Cleveland Heights Municipal Court. In December 2004, appellant was charged with a felony count of endangering children. E.H. and J.N.H. were subsequently adjudicated neglected and/or dependent and were placed in the temporary custody of CCDCFS from 2004 to 2006.

{¶3} E.H. and J.N.H. were reunited with appellant; however, in 2007, the children were again adjudicated neglected and/or dependent and placed in the custody of CCDCFS.

{¶4} In December 2009, E.H. and J.N.H. were again reunited with appellant with protective supervision. A.H. was born on December 30, 2009. On April 19, 2010, all three children were committed to the emergency custody of CCDCFS, after appellant was sentenced to one year of incarceration for failing to complete the terms of community control imposed in connection with the conviction for felony child endangering.

{¶5} On April 11, 2011, appellant was released from incarceration. In December 2011, appellant was sentenced to probation in connection with an assault conviction. That same month, appellant sent another individual to take a court-ordered

drug test for her. In February 2012, appellant attempted to commit suicide by taking an overdose of Depakote. Also in February 2012, appellant was federally indicted for passing counterfeit money.

{¶6} On March 20, 2012, CCDCFS filed a complaint for permanent custody of all three children, and a guardian ad litem ("GAL") was appointed for them. The matter proceeded to a hearing on June 15, 2012, as to the neglect and dependency allegations. CCDCFS, through social worker Alisa Davis ("Davis"), outlined appellant's struggles with parenting her children. Davis also testified that the father of E.H. has not been consistent with visiting his child; the father of A.H. is incarcerated, has an extensive record for drug-related offenses and has not visited his child; and the putative father for J.N.H. could not be located. At the conclusion of the hearing, appellant stipulated to the allegations of CCDCFS, but did not stipulate to the findings of neglect or dependency and did not concur with the prayer for permanent custody.

{¶7} On June 6, 2012, the GAL recommended that the trial court award permanent custody of the children to CCDCFS. The GAL noted that appellant admitted that she had made three suicide attempts and has convictions for burglary, assault, and child endangering. The GAL expressed concerns about the children's interactions with appellant, and noted that A.H.'s current placement in foster care is very appropriate, and that E.H. and J.N.H. are placed with a relative of E.H.'s father in Pennsylvania, who is willing to adopt them.

{¶8} The trial court held a disposition hearing on July 27, 2012. At this hearing,

Davis provided testimony for CCDCFS and submitted numerous exhibits for the trial court's consideration. The evidence indicated that appellant has not completed the steps of her case plan or benefitted from services offered to her, despite the attempts of CCDCFS. She has bipolar disorder, depression, and substance abuse issues. She has experienced hallucinations and has made several suicide attempts. The evidence demonstrated that appellant has not addressed her mental health issues and has not completed drug treatment during the two years that the children were in temporary custody. She tested positive at a drug screening, but stated that she sent another woman to take the test for her. Appellant discharged herself from Recovery Resources, stating that she would "smack the f—" out of someone if she were not currently on probation.

{¶9} The evidence further indicated that appellant does not have a bond with J.N.H. The county has made various efforts to locate the putative father of this child but has been unable to do so. Appellant has a bond with E.H. Paternity has been established for E.H., but his father has multiple drug-related convictions and does not consistently visit with him. E.H. and J.N.H. are in foster care in Pennsylvania with E.H.'s father's cousin who wishes to adopt both of these children. E.H. has stated that he is happy in his foster placement.

{¶10} A.H. has an adjustment disorder, and engages in negative attention-seeking behaviors. Appellant did not consistently take the parenting education classes offered to her.

{¶11} Appellant did not testify and did not present any exhibits.

{¶12} In a journal entry dated September 21, 2012, the trial court adopted the findings of fact and conclusions of law submitted by CCDCFS and the GAL. The trial court found that, notwithstanding the diligent efforts of CCDCFS in assisting appellant to remedy the problems causing the children to be placed outside the home, appellant failed continuously and repeatedly to substantially remedy those conditions and demonstrated a lack of commitment to provide an adequate permanent home for the children. In relevant part, the court noted that appellant has child endangering convictions, has not completed case plan services, continued to display inappropriate parenting, and has failed to demonstrate sobriety. The court then found that the children had been in predispositional temporary custody for over two years, the children cannot or should not be placed with a parent within a reasonable time, and that one or more factors of R.C. 2151.414(E) were established, and there was clear and convincing evidence to establish that the award of permanent custody to CCDCFS is in the best interest of the children.

{¶13} Appellant raises the following error for our review:

[CCDCFS] failed to establish that Appellant failed to substantially remedy the conditions that caused the removal of the children.

{¶14} An appellate court will not reverse a juvenile court's termination of parental rights and award of permanent custody to an agency if the judgment is supported by clear and convincing evidence. *In re A.S.*, 11th Dist. Nos. 2012-L-058 and 2012-L-059, 2012-Ohio-4893.

{¶15} In order to terminate parental rights and grant permanent custody to

CCDCFS, the court must apply a two-prong test. First, the court must find by clear and convincing evidence one of the factors set forth in R.C. 2151.414(B)(1). Second, the court must determine, by clear and convincing evidence, that it is in the best interest of the child to terminate parental rights. R.C. 2151.414(B)(2); *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 23.

{¶16} The factors under R.C. 2151.414(B)(1) include the following: (a) the child cannot be placed with either parent within a reasonable period of time or should not be placed with either parent; (b) the child is abandoned; (c) the child is orphaned and no relatives are able to take permanent custody of the child; or (d) the child has been in the temporary custody of one or more public or private children services agencies for 12 or more months of a consecutive 22-month period. In addition, R.C. 2151.414(E) sets forth the elements necessary to satisfy an R.C. 2151.414(B)(1)(a) determination, by clear and convincing evidence, that the child cannot or should not be placed with his parents within a reasonable time, and provides in relevant part:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

* * *

(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

* * *

(16) Any other factor the court considers relevant.

**{¶17}** The existence of one factor alone will support a finding that the child cannot be reunified with the parents within a reasonable time. *See In re William S.*, 75 Ohio St.3d 95, 1996-Ohio-182, 661 N.E.2d 738; *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 50.

**{¶18}** With regard to the requirement that it is in the best interest of the child to terminate parental rights, R.C. 2151.414(D)(1)(a) through (e) set forth the relevant factors a court must consider in determining the best interest of the child and include, but are not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section

apply in relation to the parents and child.

**{¶19}** Only one of these enumerated factors needs to be resolved in favor of the award of permanent custody. *In re D.W.*, 8th Dist. No. 98717, 2013-Ohio-272; *In re Shaeffer Children*, 85 Ohio App.3d 683, 621 N.E.2d 426 (3d Dist.1993); *In re C.H.*, 8th Dist. Nos. 82258 and 82852, 2003-Ohio-6854.

**{¶20}** In this case, the trial court found, by clear and convincing evidence that the children have been in the temporary custody for over two years, and that they cannot be placed with either parent within a reasonable period of time or should not be placed with either parent. The court met the requirements of R.C. 2151.414(B)(1) and R.C. 2151.414(E). In relevant part, the court noted that appellant has child endangering convictions, has not completed case plan services, continued to display inappropriate parenting, and has failed to demonstrate sobriety. This finding is properly supported by the clear and convincing evidence of record, and the mother did not present any evidence to refute this evidence.

**{¶21}** Further, as required by R.C. 2151.414(D), the court concluded that it is in the best interest of the children to terminate parental rights, and considered the children's interactions and interrelationship with appellant as well as their foster parents, the extensive custodial history of the children, their need for a legally secure placement, and whether that type of placement can be achieved without a grant of permanent custody. The court determined, however, that notwithstanding the diligent efforts of CCDCFS in assisting appellant to remedy the problems causing the children to be placed outside the

home, appellant failed continuously and repeatedly to substantially remedy those conditions, and demonstrated a lack of commitment to provide an adequate permanent home for the children. Based upon all of the evidence of record, the juvenile court's termination of parental rights and award of permanent custody to CCDCFS is supported by clear and convincing evidence. Accordingly, the termination of appellant's parental rights was not erroneous.

**{¶22}** The assignment of error is without merit.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR